United States District Court
For the Northern District of California

1
2
3
4
5        UNITED STATES DISTRICT COURT
6        NORTHERN DISTRICT OF CALIFORNIA
7
8   JANICE MENDENHALL, *et al.*,            No. C-11-4029 EMC
9              Plaintiffs,
10       v.                                 **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE**
11  CITY AND COUNTY OF SAN FRANCISCO,
12                                          **(Docket No. 25)**
              Defendant.
13  _____/
14
15

Plaintiffs Janice Mendenhall and Mark Cato filed suit against the City and County of San Francisco ("CCSF"), alleging employment discrimination under Title VII of the Civil Rights Act of 1964. The Court previously granted CCSF's motion to dismiss, and granted Plaintiffs leave to amend so that they could allege facts to show that their claims were timely and that CCSF was their employer. Docket No. 23. On January 19, 2012, Plaintiff Mark Cato filed a First Amended Complaint ("FAC"). Docket No. 24. Pending before the Court is CCSF's Motion to Dismiss the FAC. Docket No. 25. Plaintiffs have filed no opposition.

Upon reviewing the FAC, the Court concludes that Plaintiffs' claims are untimely. In order to pursue an employment discrimination claim under Title VII, an EEOC charge must be filed, at the latest, no less than 300 days after the alleged unlawful conduct occurred. 42 U.S.C. § 2000e-5(e)(1)). The FAC attaches a right-to-sue letter dated October 25, 2011, well past the deadline to file charges for conduct Plaintiff Cato alleges occurred in 2005. FAC ¶ 7. Plaintiffs failed to allege any facts

Case 3:11-cv-04029-EMC   Document 30   Filed 02/24/12   Page 2 of 2

related to Ms. Mendenhall in the FAC, and as the Court already concluded, her claims were also untimely. Docket No. 23 at 5.

Moreover, even if timely, Plaintiffs repeat the same error in their FAC as in the original Complaint. Namely, they fail to allege facts to show that CCSF was their employer. *See id.* at 6 ("[N]either Plaintiff alleges that he or she worked as *employees* of CCSF, or that their alleged harassment arose out of their employment by CCSF.") (emphasis in original). Indeed, as the Court has already noted, Plaintiffs' dissatisfaction with CCSF's denial of their welfare benefits does not constitute discrimination *on the basis of employment*. *See id.* at 9.

Although the Court acknowledges Plaintiffs have grievances against the City and County of San Francisco, the applicable rules of law bar this lawsuit. Accordingly, pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are appropriate for resolution without oral argument, and **VACATES** the hearing. Because Plaintiffs have already had a chance to amend their complaint and any further amendment would be futile, the Court **GRANTS** Defendant CCSF's motion to dismiss Plaintiffs' complaint with prejudice. The Clerk shall enter judgment and close the file.

This order disposes of Docket No. 25.

IT IS SO ORDERED.

Dated: February 24, 2012

_____
EDWARD M. CHEN
United States District Judge

2